UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

United States District Court
Eastern District of California

| | |
|---|---|
| AXEL SANTIAGO MORENO TOVAR,<br>Petitioner,<br>v.<br>TODD BLANCHE, *et al.*,<br>Respondents. | Case No. 1:26-cv-05066 (EJD)<br>**ORDER DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 12 |

Petitioner Axel Santiago Moreno Tovar is an immigration detainee currently in the custody of U.S. Immigration and Customs Enforcement ("(ICE"). Before the Court is his Amended Petition for Writ of Habeas Corpus ("FAP") seeking his immediate release from custody (Dkt. No. 12 at 16–17) and Respondents' Motion to Dismiss the FAP (Dkt. No. 16). For the reasons that follow, the Court dismisses the FAP without prejudice.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner is a native of Venezuela who entered the United States approximately eight years ago on a B-2 visitor visa with an expiration of June 29, 2018. Dkt. No. 12 at 2. 4; Dkt. No. 15-2 at 4. Following the expiration of his visa, Petitioner was granted temporary protected status ("TPS") and applied for asylum. Dkt. No. 12 at 4–5. Petitioner's TPS was terminated on February 3, 2025, and neither party has confirmed the present status of his asylum application. *Id*. at 4.

Sometime around the filing of his asylum application, Petitioner was arrested by immigration authorities and briefly detained. *Id*. He was released by an Immigration Judge ("IJ") on a $5,000 bond on February 7, 2019 on the condition that he not be arrested in the future. *Id*.;

Dkt. No. 15 at 1.

On April 21, 2026, Petitioner and his long-term partner got into a loud verbal argument, prompting a neighbor to call the police. Dkt. No. 12 at 5. Though Petitioner's partner maintained that the fight was only a verbal disagreement, the police arrested Petitioner on charges of domestic violence. *Id*. at 6. Petitioner was transferred to ICE custody by the police the following day. *Id*. While Petitioner was detained, the State of Florida declined to prosecute the domestic assault case, dismissing all charges on May 15, 2026. *Id*.

Following the dismissal, Petitioner, through his immigration counsel, filed a Motion for Bond Determination with the Immigration Court. *See* Dkt. No. 15-5 at 2. The bond hearing was held on June 9, 2026. *See* Dkt. No. 15-7 at 1. At the outset of the bond hearing, the Government indicated that Petitioner was released by an IJ on bond on February 7, 2019, with one of the conditions being that he not be arrested. Dkt. No. 15-6 at 1. Petitioner's counsel also presented argument, explaining that the arrest should not be held against Petitioner given that the criminal case was ultimately dismissed, and that the circumstances surrounding the arrest indicated that Petitioner did not engage in any violent conduct. *Id*. at 2–3. However, the IJ found that he "had no choice," but to deny bond given that Petitioner had been arrested, violating the bond condition that he *not* be arrested. *Id*. at 3–4.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a

district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Though Petitioner appears to accept that his detention is correctly controlled by 8 U.S.C. § 1226(a) and that he received a bond hearing pursuant to that statute, he maintains that his continued detention violates due process. Specifically, he argues that his continued detention is unconstitutional because the IJ "did not require the government to prove by clear and convincing evidence that Respondent posed a danger to the community or risk of failing to appear" at his bond hearing. Dkt. No. 12 at 10–11. He further maintains that he was entitled to notice and a pre-deprivation hearing prior to his re-detention, and the Government's failure to provide pre-deprivation process violates both his procedural and substantive due process rights. *Id*. at 12–16. Respondents oppose relief, arguing that the FAP should be dismissed because (1) Petitioner must exhaust his administrative remedy by appealing the IJ's bond determination to the Board of Immigration Appeals ("BIA") before seeking habeas relief, and (2) the bond hearing satisfied due process. Dkt. No. 16 at 3–6. The Court first addresses exhaustion before turning to the merits of Petitioner's due process claim.

### A. Exhaustion

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Nevertheless, even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture,

irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

To the extent that Petitioner challenges the IJ's finding that he had violated one of the conditions of his prior release, the *Puga* factors weigh in favor of requiring Petitioner to exhaust his administrative remedies. First, the BIA is the subject-matter expert for appeals of custody redetermination and bond decisions. Accordingly, BIA consideration of the IJ's decision is necessary to generate a proper record and reach a proper decision. Second, permitting Petitioner to bypass the administrative scheme that governs appeals from bond and custody decisions by challenging this finding through habeas relief, *see* 8 C.F.R. § 1236.1(d), would likely encourage deliberate bypassing of this scheme. Third, BIA review of a bond and custody redetermination decision is likely to facilitate correction of any mistakes by the IJ and preclude the need for judicial review.

However, an exception applies to Petitioner's due process claim. Petitioner alleges that his right to due process was violated because the IJ imposed the incorrect burden of proof at his bond hearing, and that he was entitled to notice and pre-deprivation process prior to his re-detention. *See* Dkt. No. 12 at 10–11, 13, 15. "Because this claim is not within the jurisdiction of the [Board of Immigration Appeals], requiring administrative exhaustion would be futile." *Rufino Ligario Hernandez v. Mark Wayne Mullin, et al.*, No. 5:26-CV-00585-JAK-ADS, 2026 WL 846037, at *8 (C.D. Cal. Mar. 24, 2026) (excusing prudential administrative exhaustion as futile); *Yero v. U.S Gen. Att'y*, No. 1:26-CV-04312-DAD-JDP, 2026 WL 1707102, at *3 (E.D. Cal. June 12, 2026) (excusing exhaustion requirement where due process claim alleged Petitioner was entitled to notice and pre-deprivation process prior to his re-arrest by ICE). Accordingly, the Court turns next to the merits of Petitioner's due process claim.

**B. Due Process**

Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the

Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). For the reasons that follow, the Court finds that Petitioner's continued detention does not violate his right to due process.

**1. Liberty Interest**

"[E]ven when an initial decision to detain or release an individual is discretionary, the government's subsequent release of the individual from custody creates 'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *Calderon v. Kaiser*, No. 25-CV-6695 AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). As such, Courts have found that noncitizens in removal proceedings who have previously been released by immigration authorities obtain a protected liberty interest in their continued freedom. *See, e.g., Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."). As Petitioner was previously released by immigration authorities on bond in 2019, he has a protected liberty interest in his continued freedom.

**2. *Mathews* Factors**

Turning next to what process is due, many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest

that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Here these factors weigh in the Government's favor.

The first factor—the private interest that will be affected if Petitioner's detention continues—favors Petitioner. He has been detained for over five months, and prior to his re-detention he had been at liberty for over seven years. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. A noncitizen's private interest in "freedom from prolonged detention" is "unquestionably substantial." *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011).

The second factor considers "the risk of an erroneous deprivation of [Petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards[.]" *Mathews*, 424 U.S. at 335. This factor tips in the Government's favor. Though the "risk of an erroneous deprivation of [a petitioner's] interest is high" where a detainee "has not received any bond or custody redetermination hearing," Petitioner has received a bond hearing here. *Jimenez v. Wolf*, No. 19-CV-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020). At the hearing the IJ concluded that Petitioner had violated one of the conditions of his prior release given that he was recently arrested. *See* Dkt. No. 15-6 at 3–4. Further, the Court cannot find that providing this hearing *before* he was re-detained would have prevented an erroneous deprivation of Petitioner's liberty as ICE had a prima facie basis for revocation of Petitioner's release at the time of his arrest. Indeed, Petitioner had only the day before been arrested and charged with a domestic violence related offense. Courts in this district have found that pre-deprivation process is not necessary in circumstances where "Respondents may well have a legitimate interest in Petitioner's detention based on the nature and recency of Petitioner's encounters with law enforcement[,]" and instead any due process violation can be remedied by

post-deprivation process. *Novais Delgado v. Warden of the California City Det. Facility*, No. 1:26-CV-07027-JLT-EPG, 2026 WL 2718830, at *2 (E.D. Cal. Sept. 15, 2026); *see also*, *Galindo Vega v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-03604 DC SCR, 2026 WL 1707804, at *1 (E.D. Cal. June 12, 2026) (finding that post-arrest hearing was sufficient process where Petitioner was detained immediately following his arrest and has criminal charges pending against); *Addemys N.R. v. Warden of California City Det. Facility*, No. 1:26-CV-03892-MWJS, 2026 WL 1831763, at *3 (E.D. Cal. June 25, 2026) (similar). That is effectively what occurred here.

Further, the Court cannot conclude that the IJ's failure to impose a clear and convincing standard on the Government at the bond hearing resulted in an erroneous deprivation of Petitioner's liberty. The Ninth Circuit has rejected the argument that due process requires the Government to justify detention under § 1226(a) by clear and convincing evidence as a general matter. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210–12 (9th Cir. 2022); *see also*, *Peter P. v. Blanche*, No. 1:26-CV-03085-MWJS, 2026 WL 1593627, at *3 (E.D. Cal. June 3, 2026) (noting that shifting the burden of proof to the Government in § 1226(a) bond hearings is not required per *Rodriguez Diaz*). Further, the IJ based his denial on the fact that Petitioner had violated a condition of his prior release—a finding which he does not appear to be in dispute. Accordingly, the Court cannot find that applying a clear and convincing standard was required under these circumstances.

The third factor—the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail—weighs in the Government's favor as well. The Government's aim of "protecting the public from dangerous criminal aliens" and "increas[ing] the chance that, if ordered removed, the aliens will be successfully removed" are "interests of the highest order that only increase with the passage of time." *Rodriguez Diaz*, 53 F.4th at 1208 (quotations omitted). As other courts have recognized, however, the key Government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him without a bond hearing." *Zagal-Alcaraz v. ICE Field*

*Office Director*, No 19-CV-01358-SB, 2020 WL 1862254, at *7 (D. Or. March 25, 2020) (collecting cases). Here, the Government held a bond hearing for Petitioner in June where it considered his prior release, and determined that circumstances had changed since that release. Given the fiscal and administrative burdens on the Government if it were required to release Petitioner and then hold a renewed hearing in order to re-detain him, this factor favors the Government.

Under these circumstances, the *Mathews* factors weigh in the Government's favor and outweigh Petitioner's interest in release and pre-deprivation process prior to his detention. To the extent Petitioner takes issue with the bond hearing itself, Petitioner can exercise his appellate rights before the BIA or seek a renewed bond hearing under 8 U.S.C. § 1226(a) should his circumstances materially change.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Petition is dismissed without prejudice. The Clerk of Court is directed to close this case and enter judgment for Respondents. This order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: October 13, 2026

EDWARD J. DAVILA
United States District Judge